UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID GILBERT,

    Plaintiff,

    v.

OFFICER SCHUSTER, *et al.*,

    Defendants.

Case No. C04-5345RJB

REPORT AND RECOMMENDATION

**NOTED FOR:**
**JULY 29th 2005**

    This 42 U.S.C. § 1983 civil rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4. The plaintiff has been granted *in forma pauperis* status. (Dkt. # 6). Before the court is plaintiff's motion for injunctive relief. Plaintiff asks the court to prevent his transfer out of state. (Dkt. # 38). Defendants have responded and indicate there is no reason to prevent Mr. Gilbert's transfer. (Dkt # 40).

<u>FACTS</u>

    This action challenges an infraction received by the plaintiff and his medical treatment.

REPORT AND RECOMMENDATION
Page - 1

Plaintiff alleges he is hard of hearing, and has constant buzzing in his ears. He alleges loud noise causes him head aches. He filed this action to challenge infractions he received for refusing orders regarding movement, as well as his medical treatment.

He now asks for injunctive relief to prevent his transfer out of state. Plaintiff claims two officers who are not defendants in this action, Correctional Officers Wilder and Crow, searched his cell and allegedly read his legal documents. He claims his cell was left in disarray and that the search violates his right to privacy, but he asks for no relief specific to this issue. (Dkt. # 38). Plaintiff alleges that since filing this action he has been harassed by staff including loss of his job, searched repeatedly, and denied a job. (Dkt. # 38). Plaintiff alleges when he approaches the unit sargeant he is threatened with segregation for allegedly threatening the officers. He alleges the out of state transfer is retaliatory but admits it is also based on overcrowding. (Dkt. # 38).

Defendants respond and indicate injunctive relief should only issue in clear and plain cases. (Dkt. # 40). They argue deference should be given to prison officials and transfer out of state violates no constitutional duty or right owed plaintiff. (Dkt. # 40). Defendants state that no decision as to who will be transferred out of state has been made and they are looking at approximately 1700 inmates, plaintiff being one of that group. (Dkt. # 40). They further state that even if plaintiff is selected his motion should be denied as he has no court date requiring in person appearances. They also state that if plaintiff is sent out of state he can appear telephonically or if necessary, be brought back to Washington for a court date. (Dkt. # 40).

## DISCUSSION

A.   Standard.

The basic function of injunctive relief is to preserve the status quo ante litem pending a determination of the action on the merits. Los Angeles Memorial Coliseum Com'n v. National Football League, 634 F.2d 1197, 1200 (9th Cir. 1980). A party seeking injunctive relief must fulfill one of two standards, the "traditional" or the "alternative." Cassim v. Bowen, 824 F.2d 791, 795 (9th Cir. 1987).

REPORT AND RECOMMENDATION
Page - 2

> Under the traditional standard, a court may issue preliminary relief if it finds that (1) the moving party will suffer irreparable injury if the relief is denied; (2) the moving party will probably prevail on the merits; (3) the balance of potential harm favors the moving party; and (4) the public interest favors granting relief. . . . Under the alternative standard, the moving party may meet its burden by demonstrating either (1) a combination of probable success and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor.

Id. (citations omitted).

  B. <u>Analysis</u>.

  The relief sought is completely outside the scope of the complaint and should not be considered.  The court does not wish to discourage plaintiff from pursuing claims he may have against these persons who are not named defendants in this action.  The court believes that it should not intentionally or unwittingly pre-determine those claims in the absence of an actual case or controversy.  If the plaintiff commences a new action, then the issues raised in the present motion can be addressed in the context of a particular fact pattern and without regards to the outcome of this case.  Plaintiff's motion should be **DENIED**.

### CONCLUSION

  The issues complained of in the motion for relief are not part of the complaint and are not properly before the court.  His motion should be **DENIED**.  A proposed order accompanies this Report and Recommendation.

  Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **July 29th, 2005**, as noted in the caption.

  DATED this 5th day of July, 2005.

                Karen L. Strombom
                United States Magistrate Judge