UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID GILBERT,

Plaintiff,

v.

OFFICER SCHUSTER, *et al*.,

Defendants.

Case No. C04-5345RJB

REPORT AND RECOMMENDATION

**NOTED FOR: DECEMBER 16th, 2005**

This 42 U.S.C. § 1983 civil rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4. The plaintiff has been granted *in forma pauperis* status. (Dkt. # 6). Before the court is defendant's motion for summary judgment. (Dkt. # 45). Plaintiff has responded. (Dkt. # 46). Defendant has replied. (Dkt. # 47). This matter is now ripe for review.

FACTS

Plaintiff alleges he suffers from hearing loss, has constant buzzing in his ears, and that loud noises cause him pain and headaches. (Dkt. # 7 and 32). He alleges that on January 24th, 2003 he went to the gym area at Stafford Creek Correction Center to see defendant Furu about getting an in

cell curio permit. (Dkt. # 7). Defendant Furu was not there. Plaintiff claims the gym was so loud he could not enter the area. He was in the entryway to the weight lifting area when correctional officer Schuster approached him and asked for his weight lifting card. (Defendants refer to officer Schuetter, not Schuster, as being the officer involved in this incident and it appears the plaintiff and court have the wrong spelling of the defendants name. The court will refer to this defendant as Schuetter.)

As plaintiff did not have a weight lifting card he was ordered to proceed to the gym. Plaintiff asked to return to his unit instead and was informed that movement to and from the gym area was a one way movement and he could not return to his unit until the next scheduled movement. At this point the plaintiffs and defendants versions of the facts begin to differ.

Plaintiff claims he calmly told defendant Schuetter that loud noise hurts his ears and asked to return to his unit. (Dkt. # 46). Defendants claim plaintiff was loud and disruptive. (Dkt. # 45). Defendant Schuetter called for back up and officer Nowobilski and Farmer as well as Sergeant Church responded. Defendants allege plaintiff refused several orders to proceed to the gym area. (Dkt. # 45). Plaintiff alleges he was never given a chance to comply with the orders and he was handcuffed and taken to segregation. (Dkt. # 46)

Plaintiff alleges that on the way to segregation, after he had been cuffed and without provocation, Sergeant Church and another person forcefully shoved him into a wall and held him there for a brief time. (Dkt. # 7, page 9, Dkt. # 46). Plaintiff does not allege any injury from this alleged use of force. Defendants contend that Sergeant Church was not part of the escort team and that the team consisted of Schuetter and Nowobilski. (Dkt. # 45). Defendants deny that any force was used. (Dkt. # 45).

Plaintiff was infracted for refusing an order to leave the area and found guilty by Lieutenant Haley. While the original sanction included loss of good time, the lost time was restored on appeal. Plaintiff spent ten days in segregation. (Dkt. # 45). Plaintiff alleges defendant Haley was verbally abusive during the hearing. (Dkt. # 7, page 9).

After release from segregation on February 6th, 2003, plaintiff alleges he sought medical

treatment for his ear pain. He was given a test which he claims was painful. He was then told there was no treatment available. (Dkt. # 7, page 10). Plaintiff alleges that after waiting several hours to see the physicians assistant, he was called to the front desk. He was meet there by the nurse who administered the hearing test and Sergeant Church. Plaintiff alleges he was told by Sergeant Church that if he did not go to his unit immediately he would again be taken to segregation. (Dkt. # 7, page 11). Plaintiff left the area.

Defendants allege plaintiff came to the infirmary on February 6th, 2003 complaining that high frequency noises hurt his ears. Nurse Eschbach gave the plaintiff a hand-held auditory test. The plaintiff did not complain of the test causing any pain. The nurse who administered the test did not notice that Mr. Gilbert was in any pain. The test results, which were shown to the physician assistant, documented minor hearing loss but no treatment was indicated or available or needed for hearing loss of this nature. (Dkt. # 45, Exhibit 5). When nurse Eschbach informed plaintiff there was nothing she could do for him he became angry. Nurse Eschbach left the front desk area and called for custody staff. Id. Sergeant Church arrived and ordered plaintiff to leave the area. According to the plaintiff he complied with that order. (Dkt. # 7, page 11). Plaintiff has since refused medical treatment. (Dkt. # 45, Exhibit 6, page 64). Plaintiff filed grievances over his medical treatment and has been advised to sign up for sick call if he believes he needs medical treatment. (Dkt. # 45, Exhibit 2, attachment H).

Plaintiff names as defendants in this action, correctional officers Schuetter and Farmer, recreation coordinator Furu, Sergeant Church, Lieutenant Haley, grievance coordinator Shannahan, nurse Eschbach and Physicians Assistant Thompson. Plaintiff also names the southwest regional administrator, Thomas McIntyre, the Washington State Department of Correction and the Stafford Creek Corrections Center. (Dkt. # 7).

Plaintiff claims violations of his First, Fourth, Eighth, and Fourteenth Amendment rights as well as a violation of the Americans with Disabilities Act, (ADA). Defendants request summary judgment for the following reasons: the department of corrections and a facility are not persons; the claims for excessive force and denial of medical care fail to state a claim; the ADA claim may not be

maintained in a civil rights action; that defendants are entitled to dismissal for failure to state a claim and the allegations of verbal abuse and threats fail to state a claim. (Dkt. # 45).

DISCUSSION

A. The Standard.

Pursuant to Fed. R. Civ. P. 56 (c), the court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim on which the nonmoving party has the burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1985).

There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed. R. Civ. P. 56 (e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 253 (1986); T. W. Elec. Service Inc. v. Pacific Electrical Contractors Association, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial, e.g. the preponderance of the evidence in most civil cases. Anderson, 477 U.S. at 254; T.W. Elec. Service Inc., 809 F.2d at 630. The court must resolve any factual dispute or controversy in favor of the nonmoving party only when the facts specifically attested by the party contradicts facts specifically attested by the moving party. *Id.*

The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in hopes that evidence can be developed at trial to support the claim. T.W. Elec. Service

Inc., 809 F.2d at 630.(relying on Anderson, supra). Conclusory, nonspecific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." Lujan v. National Wildlife Federation, 497 U.S. 871, 888-89 (1990). In addition, when a plaintiff seeks to hold a defendant personally liable the inquiry into causation focuses on that persons specific actions. Leer v. Murphy, 844 F. 2d. 628, 632 (9th Cir. 1988).

B. Analysis.

1. The Stafford Creek Correction Center and the Washington State Department of Corrections.

The Eleventh Amendment to the Constitution of the United States provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI. Under the Eleventh Amendment, a state is not subject to suit by its own citizens in federal court. Edelman v. Jordan, 415 U.S. 651, 662-63 (1974). The Eleventh Amendment bars § 1983 claims brought against the State of Washington and Washington's state officials in their official capacities. Edgar v. State of Washington, 92 Wn. 2d 217 (1979) cert denied. 444 U.S. 1077 (1980).

The state, its agencies, or its employees in their official capacities are not "persons" within the meaning of 42 U.S.C. § 1983. Will v. Michigan, 491 U.S. 58 (1989). Therefore, neither the Washington State Department of Correction nor the Stafford Creek Correction Center are proper parties to this action and they are entitled to summary judgement.

2. Fourteenth Amendment claims.

Plaintiff claims due process violations when he was taken to segregation pending a hearing, during the hearing process, and in the denial of his grievances. The defendants argue there is no right to be free from administrative segregation or disciplinary segregation, that plaintiff has no liberty interest in a grievance system or right to a response he wants, and without loss of good time there is no liberty interest to due process in a disciplinary hearing.

It is well established that an inmate has no liberty interest in avoiding administrative

segregation. Smith v. Noonan, 992 F. 2d 987 (9th Cir. 1993). The same is true for placement in disciplinary segregation. Sandin v. Connors, 515 U.S. 472 (1995). Further, without a loss of good time, plaintiff had no liberty interest at stake in his disciplinary hearing. Wolff v. McDonald, 418 U.S. 539 (1974). Finally, plaintiff has no constitutional right to a grievance system. Adams v. Mann, 855 F.2d 639 (9th Cir. 1988). Plaintiff's Fourteenth Amendment claims fail and defendants Shannahan, Haley, and McIntyre are entitled to dismissal.

3. Medical claims under the Eighth Amendment.

An inmate's Eighth Amendment rights are violated if he or she is treated with deliberate indifference to his or her serious medical needs. *See* Estelle v. Gamble, 429 U.S. 97, 106 (1976); Jones v. Johnson, 791 F.2d 769, 771 (9th Cir. 1986). The indifference to medical needs must be substantial; a constitutional violation is not established by negligence or "an inadvertent failure to provide adequate medical care." Estelle, 429 U.S. at 105-106; see Anthony v. Dowdle, 853 F.2d 741, 743 (9th Cir. 1988). Similarly, a difference in opinion as to diagnosis or treatment does not establish a constitutional violation. Shields v. Kunkle, 442 F.2d 409, 410 (9th Cir. 1971); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

Here, plaintiff was seen and evaluated by nurse Eschbach. (Dkt. # 45). She claims she consulted with physicians assistant Thompson. They determined plaintiff's hearing loss to be minor and untreatable. (Dkt. # 45). While plaintiff disagrees with the diagnosis and complains of the quality of his health care, he has presented the court with nothing other than a difference of opinion regarding treatment. The Eighth Amendment medical claim fails and defendants Eschbach and Thompson are entitled to dismissal.

4. Excessive force.

Defendants concede that "[c]ertainly there is no justification for an officer manhandling a prisoner, especially one who is compliant and not resisting." (Dkt. # 45, page 12). Defendants then argue there was no use of force. The differing positions of the parties would normally be an issue of fact precluding summary judgment. The court may not weight the evidence at this stage of the proceedings. A genuine dispute over a material fact exists if there is sufficient evidence supporting

the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 253 (1986); T. W. Elec. Service Inc. v. Pacific Electrical Contractors Association, 809 F.2d 626, 630 (9th Cir. 1987).

Defendants also argue that even assuming plaintiff's version of the facts, they are entitled to summary judgment. Defendants argue plaintiff suffered no injury and the force applied was therefore *de minimis.* (Dkt. # 45, page 12). Defendants argue the Eighth Amendment does not protect against *de minimis* use of force. Hudson v. McMillian, 503 U.S. 1 (1992).

The Hudson case provides some initial guidance to the court. The use of excessive force may constitute an Eight Amendment violation even if there is no serious injury. Hudson v. McMillian, 503 U.S. at 4. The core inquiry of the objective component is contextual and responsive to contemporary standards, but the question is whether the force was applied in good faith to maintain discipline or maliciously and sadistically to cause harm. Hudson v. McMillian, 503 U.S. at 7. The Hudson court did, note that the absence of injury is a factor to consider.

The court went on to state:

> That is not to say that every malevolent touch by a prison guard gives rise to a federal cause of action. See *Johnson v. Glick*, 481 F.2d at 1033 ("Not every push or shove, even if it later may seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights"). The Eighth Amendment's prohibition of "cruel and unusual" punishments necessarily excludes from constitutional recognition *de minimis* uses of force, provided that the force is not of a sort "' repugnant to the conscience of mankind,'" *Whitley*, 475 U.S. at 327(quoting *Estelle, supra*, 429 U.S. at 106

Hudson 503 U.S. at 9-10. Assuming plaintiff's facts, this analysis would lead the court to consider if pushing an inmate against a wall and holding him there when the inmate was not resting the officer is *de minimis*. This inquiry has been modified by passage of the Prison Litigation Reform Act. For an inmate to maintain an action for excessive force there must now be some physical injury. Siglar v. Hightower, 112 F. 3rd 191 (5th Cir. 1997). In Siglar the court found a bruised around the inmates ear that lasted for three days insufficient injury to rise above the *de minimis* standard. Here, plaintiff has suffered no physical injury and the court finds under plaintiff's facts the force used was *de minimis.* Therefore, plaintiff's Eight Amendment claims fail to state a cause of action.

5. Americans with Disabilities Act claims.

A plaintiff may not maintain an action under 42 § 1983 to vindicate an alleged violation of his rights under the ADA. Vinson v. Thomas, 288 F. 3rd 1145 (9th Cir. 2002).

6. Allegations against Furu and Thompson.

The allegations against Furu are that he is a recreation coordinator and plaintiff tried repeatedly to see him. On January 24th, 2003 when plaintiff was taken from the weight room area to segregation he alleges he had come to the area to see Furu but it was Furu's day off. The allegations against Physician assistant Thompson are that he was at the hospital when plaintiff's hearing was tested. (Dkt. # 7 and 32).

Liability in a civil rights action is based on personal participation. Leer v Murphy, 844 F.2d 628 (9th Cir. 1988). Plaintiff has failed to allege facts to show how either of these named defendant acted. In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985), cert. denied, 478 U.S. 1020 (1986). There is no *respondeat superior* liability in a civil rights action. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 692 (1978). These two defendants are entitled to summary judgment.

7. Alleged verbal abuse and threats.

Defendants note that throughout the complaint plaintiff raises allegationa of verbal abuse and threats. Defendants argue:

> Throughout his complaint, Mr. Gilbert alleges that several of the Defendants threatened him or verbally harassed him. Alleged threats are insufficient to establish a civil rights claim. Oltarzewski v. Ruggiero, 830 F.2d 136 (9th Cir. 1987) (verbal harassment or abuse is not sufficient to state a constitutional violation); Martin v. Sargent, 780 F.2d 1334, 1339 (8th Cir. 1985) ("Verbal threats [for the filing of grievances] do not constitute a constitutional violation."); McFadden v. Lucas, 713 F.2d 143, 146 (5th Cir. 1983) (mere threatening language or gestures does not support a constitutional violation); Johnson v. Glick, 481 F.2d 1028, 1033 n.7 (2nd Cir. 1973) (the use of

> words, no matter how violent, does not comprise a section 1983 violation). Therefore, Mr. Gilbert fails to state a constitutional claim for his allegations of threats and verbal abuse.

(Dkt. # 45, page 18). The court agrees that Oltarzewski v. Ruggiero, is dispositive of plaintif's remaining claims. Oltarzewski v. Ruggiero, 830 F.2d 136 (9th Cir. 1987). This action should be dismissed.

CONCLUSION

For the reasons outlined above the defendants are entitled to summary judgment. A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **December 16th, 2005**, as noted in the caption.

DATED this 16th day of November, 2005.

Karen L. Strombom
United States Magistrate Judge