UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID GILBERT,

        Plaintiff,

  v.

SCHUSTER, FARMER, FURU, CHURCH, HALEY, SHANNAHAN, ESCHBACH, THOMPSON, McINTYRE,

        Defendants.

CASE NO.   C04-5345RJB

ORDER ADOPTING REPORT AND RECOMMENDATIONS

      This matter comes before the court on the Report and Recommendation of Judge Karen L. Strombom (Dkt. 49). The court has reviewed the Report and Recommendation and the file herein.

### I. FACTUAL AND PROCEDURAL BACKGROUND

      Mr. Gilbert, a prisoner at Stafford Creek Corrections Center, filed a civil rights complaint alleging that the defendants violated his First, Fourth, Eighth, and Fourteenth Amendment rights and violated the Americans with Disabilities Act. Dkt. 7 at 10.

      The facts, viewed in the light most favorable to the plaintiff, are as follows: On January 24, 2003, the plaintiff was standing by the entryway to the weight room during the time when his unit was designated to use the Stafford Creek Corrections Center gym. Dkt. 32 at 4. He was avoiding the gym itself because it was excessively noisy. *Id.* Mr. Gilbert was then approached by Corrections Officer Schuetter and Recreational Specialist Farmer who told Mr. Gilbert to return to the gym area because he did not have the

ORDER
Page - 1

requisite permit for being in the weight lifting area. Dkt. 32 at 4-5. Mr. Gilbert refused to go to the gym and told the officers that the noise of the gym hurt his ears. He requested that he instead be permitted to go back to his unit. *Id.* at 5. This request was denied, and Mr. Gilbert was searched. *Id.* Sergeant Church, an unidentified sergeant, and two unidentified corrections officers responded to the scene. *Id.* Mr. Gilbert requested to see the shift lieutenant, but the request was denied. *Id.* at 6. He was handcuffed and escorted to an area outside the back of the gym facility. *Id.* at 6. Once outside, Mr. Gilbert again requested the shift lieutenant, but the request was denied. *Id.* at 6. Mr. Gilbert contends that excessive force was used in escorting him and that he was shoved against the wall. *Id.* He contends that this incident aggravated pre-existing injuries to his back and clavicle and chipped his glasses. *Id.*

The plaintiff was infracted for refusal to proceed or disperse from a particular area and found guilty by Lieutenant Haley. Dkt. 45, Exh. 4. The original sanction was 40 days loss of good conduct time, with 20 of those days suspended, and 10 days of disciplinary segregation. *Id.* Mr. Gilbert contends that he was verbally assaulted, slandered, and intimidated by Lieutenant Haley during the hearing and that the sanction was excessive. Dkt. 32 at 7. Specifically, Mr. Gilbert contends that Lieutenant Haley called him "garbage" for being a Vietnam war veteran. Dkt. 46 at 12. He also contends that he was denied witnesses. Dkt. 46 at 10, 13 ("I was not allowed access to witness' [sic] because I did not adequately know their names due to my recent arrival at Stafford Creek."). On appeal, all of the loss of good conduct time was suspended, but the plaintiff still served 10 days of confinement in IMU. Dkt. 45, Exh. 1 at 6.

When he was released from segregation on February 6, 2003, the plaintiff sought medical care for ear pain. Dkt. 32 at 8. Mr. Gilbert contends that defendant Eschbach provided him substandard medical care by administering an ear test with excessive force. Dkt. 32 at 8. Mr. Gilbert was instructed to wait in the waiting room and was then verbally threatened with confinement by Sergeant Church. *Id.* at 9. Mr. Gilbert contends that he attempted to file grievances but that defendants Shannahan and McIntyre tore up and refused to consider his grievances. Dkt. 32 at 7-8, 14.

Finally, Mr. Gilbert contends that he has suffered retaliation for filing this suit. Namely, he contends that his cell was searched for the purpose of locating and reading documents relating to this suit, that he lost his work position and wages, and that he was harassed. Dkt. 46 at 11.

## II. DISCUSSION

### A. FIRST AND FOURTH AMENDMENTS

Mr. Gilbert has not presented the court with any facts supporting his claim that his rights under the First and Fourth Amendments were violated. The motion for summary judgment should be granted with respect to these claims.

### B. EIGHTH AMENDMENT

#### 1. Medical Claims

The plaintiff contends that defendants Eschbach and Thompson denied him treatment for his hearing condition. Dkt. 32 at 9. He does not contend that he was denied treatment altogether but that he was only partially treated. *Id.* at 8 ("denied medical treatment in part"), 9 ("No further treatment was required."). As set forth in the Report and Recommendation, Mr. Gilbert's claim amounts to a disagreement with Eschbach and Thompson's conclusion that he did not require further treatment and is therefore an insufficient basis for his claim.

#### 2. Excessive Force

Mr. Gilbert contends that he was pushed up against the wall with a degree of force that broke his glasses and aggravated his pre-existing back and clavicle injuries. Dkt. 32 at 6. His deposition testimony that he suffered nothing more than discomfort coupled with his failure to seek medical attention demonstrate that his injuries, if any, were *de minimis*. Dkt. 45, Exh. 6 at 44. *See Oliver v. Keller*, 289 F.3d 623, 629 (9th Cir. 2002) (injuries *de minimis* where plaintiff testified that his injuries were not serious and did not seek medical care). The court should adopt the Report and Recommendation with respect to this claim.

### C. FOURTEENTH AMENDMENT

As explained by the Report and Recommendations, the defendants are entitled to summary judgment on the claim that they infringed upon Mr. Gilbert's due process rights because Mr. Gilbert's claim is unsupported by a liberty interest. Mr. Gilbert contends he was deprived of liberty without due process of law when he was sanctioned with 10 days of segregated confinement and his grievances were ignored or torn up. Segregated confinement does not violate a liberty interest for purposes of due process. *See Sandin v. Connor*, 515 U.S. 472, 558 (1995). Furthermore, there is no due process property right in prison grievance procedures. *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). Even if the state

provides such grievance procedures, there is no constitutional cause of action for violation of those procedures. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (No liability for refusing to allow prisoner to examine adverse witnesses or for adding things to prisoner's appeal to mask procedural errors in disciplinary hearing.). The Report and Recommendation should therefore be adopted with respect to this claim.

### D. AMERICANS WITH DISABILITIES CLAIM

Mr. Gilbert contends that Officer Schuetter and Recreational Specialist Farmer violated his rights under the Americans with Disabilities Act by ordering him to return to the noisy gym even though he had alerted them that the excessive noise was painful to him. Dkt. 32 at 5. Violations of the Americans with Disabilities Act cannot be brought under 42 U.S.C. § 1983. *Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002).

### E. RETALIATION CLAIM

Mr. Gilbert alleges that he has been retaliated against for filing this action. This claim was not included in the original complaint and is not properly before the court.

### III. ORDER

Therefore is hereby **ORDERED** that the Report and Recommendation of Magistrate Judge Karen L. Strombom is **ADOPTED**. The Defendants' Motion for Summary Judgment (Dkt. 45) is **GRANTED**, and the case is **DISMISSED**.

The Clerk is directed to send copies of this Order to plaintiff's counsel, defendant's counsel and Magistrate Judge J. Kelley Arnold.

DATED this 19th day of December, 2005.

Robert J. Bryan
United States District Judge